UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO, #252200,

               Plaintiff,                                  Hon. Gordon J. Quist

v.                                                                  Case No. 1:19-cv-58

JOHNATHON BRANDT, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 21).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff initiated this action against Corrections Officers Payton, Blodget, and Brandt, as well as Prison Counselor Parson.   In his verified complaint (ECF No. 1), Plaintiff makes the following allegations.

On an unspecified date, Plaintiff notified "MDOC Internal Affairs" that Payton and Blodget were "selling drugs to prisoners."   Payton and Blodget responded by conspiring with Brandt and Parson to transfer Plaintiff to a cell with an inmate whom they recruited to "stab" Plaintiff.   When this inmate refused to attack Plaintiff, Defendants recruited another prisoner to attack Plaintiff.   This prisoner, however, also

refused to attack Plaintiff.   Defendants nevertheless continued their efforts to recruit an inmate willing to kill Plaintiff.

While Plaintiff has not specified the nature of his legal claims, the Court interprets Plaintiff's complaint as asserting violations of his rights to be free from cruel and unusual punishment and unlawful retaliation.   Plaintiff requests an unspecified amount in damages.   Defendants now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his available administrative remedies.   Plaintiff opposes Defendants' motion.

## <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."   *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."   *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."   *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## <u>ANALYSIS</u>

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints.   *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Id*.   With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

-4-

> Compliance with prison grievance procedures, therefore, is all
> that is required by the PLRA to 'properly exhaust.'   The level
> of detail necessary in a grievance to comply with the grievance
> procedures will vary from system to system and claim to claim,
> but it is the prison's requirements, and not the PLRA, that
> define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Defendants have submitted evidence that Plaintiff has failed to pursue through all three steps of the grievance process any grievance regarding the events giving rise to this action.   (ECF No. 22 at PageID.130-39).   Plaintiff concedes that he did not pursue any grievances concerning his current claims, but instead argues that the grievance process was unavailable to him due to intimidation.

As the Supreme Court recently clarified, a prisoner need only exhaust such administrative remedies as are available.   *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones"). The Court further observed that "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," the remedy in question is unavailable for purposes of the PLRA.   *Id.* at 1858-60.   While the *Ross* Court did not define or otherwise describe the term "intimidation," the Sixth Circuit has indicated that conduct which would deter a person of ordinary firmness from filing a grievance suffices to render the grievance process unavailable.   *See, e.g., Ratliff v. Graves*, 761 Fed. Appx. 565, 567-68 (6th Cir., Jan. 24, 2019).

As detailed above, Plaintiff asserts in his verified complaint that, when he previously reported wrongdoing to prison officials, he suffered retaliation in the form of threats to his safety.   Specifically, prison officials allegedly recruited other prisoners to physically harm Plaintiff.   Understandably, Plaintiff now wonders how he can be expected to again report wrongdoing via the grievance process knowing that the response to such may very well result in threats to his life or safety.   The Court agrees and concludes that the harms Plaintiff alleges – threats of physical violence – satisfy any reasonable definition of "intimidation."   Moreover, Plaintiff's claims of intimidation also concern specific occurrences and threats and are, therefore, distinct from a "mere allegation of a generalized fear of retaliation."   *Briscoe v. D'Agata*, 2016 WL 3582121 at *8 (S.D.N.Y., June 27, 2016) (post-*Ross* decision noting that mere concerns of intimidation are insufficient to excuse failure to exhaust).

## CONCLUSION

For the reasons articulated herein, the Court concludes that Defendants have failed to satisfy their burden to obtain relief on the ground that Plaintiff failed to properly exhaust his available administrative remedies.   Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 21) be denied.

-6-

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 6, 2019

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

-7-