UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT D. SANGO #252200,

    Plaintiff,

v.

JOHNATHON BRANDT, et al,

    Defendants.

_____/

Case No. 1:19-CV-58

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Robert D. Sango, pursuant to 42 U.S.C. § 1983. Defendants have filed Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies. (ECF No. 21.) On December 6, 2019, U.S. Magistrate Judge Phillip J. Green issued a Report and Recommendation (R. & R.), recommending that Defendants' motion be denied. (ECF No. 29.) Defendants filed an Objection. (ECF No. 34.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Defendants object to the magistrate judge's conclusion that the grievance system was not available to Plaintiff due to "intimidation." "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Administrative

remedies are not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Id.*

Defendants state that "Sango's only suggestion of intimidation after his claim occurred is found in his unattested response; 'Defendants' continued to recruit [sic] individuals and groups beyond Plaintiff's notification of the court.'" (ECF No. 34 at PageID.166.) Defendants further state that Sango only felt intimidated after he filed his complaint with the Court. Defendants' arguments, however, ignore the allegations in Sango's verified complaint. As the magistrate judge explained,

> [W]hen he previously reported wrongdoing to prison officials, he suffered retaliation in the form of threats to his safety. Specifically, prison officials allegedly recruited other prisoners to physically harm Plaintiff. Understandably, Plaintiff now wonders how he can be expected to again report wrongdoing via the grievance process knowing that the response to such may very well result in threats to his life or safety. The Court agrees and concludes that the harms Plaintiff alleges – threats of physical violence – satisfy any reasonable definition of "intimidation."

(ECF No. 29 at PageID.156.) Sango specifically alleged that prison officials, who are also the Defendants in the instant case, actively recruited other prisoners to physically harm him *before* Sango filed his complaint. And although these allegations lack specificity, the Court agrees with the magistrate judge's conclusion that these allegations are "distinct from a 'mere allegation of a generalized fear of retaliation.'" (*Id.* quoting *Briscoe v. D'Agata*, 2016 WL 3582121 at *8 (S.D.N.Y., June 27, 2016)).

**IT IS HEREBY ORDERED** that the December 6, 2019, Report and Recommendation (ECF No. 29) is **approved** and **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies (ECF No. 21) is **denied**.

Dated: April 9, 2020 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE