UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO, #252200,

       Plaintiff,                                 Hon. Gordon J. Quist

v.                                                Case No. 1:19-cv-58

JOHNATHON BRANDT, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against four Michigan Department of Corrections (MDOC) employees: (1) Corrections Officer (CO) Payton; (2) CO Blodget; (3) CO Brandt; and (4) Prison Counselor Parson. Plaintiff alleges that after reporting to Internal Affairs that Defendants Payton and Blodget were "selling drugs to prisoners," all four Defendants conspired to recruit inmates to attack Plaintiff. (ECF No. 1). Plaintiff alleges that Defendants have violated his First and Eighth Amendment rights. (ECF No. 29, PageID.151-52). For relief, Plaintiff requests monetary damages only. (ECF No. 1). But, Plaintiff explicitly asserted in his complaint that he was suing Defendants

-1-

in their official capacity only. (ECF No. 1, PageID.3). Defendants now move for relief on the ground that they are immune from claims seeking damages against them in their official capacity. Plaintiff has responded to Defendants' motion.

## ANALYSIS

As noted, Plaintiff has sued Defendants in their official capacity seeking only monetary damages. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity, in this case the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune, however, from claims seeking monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998).

In response to Defendants' motion, Plaintiff asserts that Defendants should have known that their alleged actions were unlawful. (ECF No. 44, PageID.195). Plaintiff further requests that this case "proceed based on Defense not properly asserting a sovereign claim." (*Id.*). Whether Defendants knew or should have known that their alleged actions were unlawful is not presently relevant. Likewise, the question is not whether Defendants have sufficiently "asserted a sovereign claim," but instead whether Plaintiff is seeking a type of relief which the Constitution forbids. Because Plaintiff is clearly seeking a type of relief which he is forbidden from obtaining, Defendants are entitled to relief.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 40) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 11, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge